# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DERRICK VINCENT REDD,**

    **Petitioner,**

    v.                                                                     Civil Action No. 5:07cv168
                                                                          (Judge Stamp)

**JOE D. DRIVER, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On December 21, 2007, the *pro se* petitioner filed a Motion for Writ of Habeas Corpus Pursuant to the Authority of 28 U.S.C. § 2241. In the petition, the petitioner asserts that the respondent has willfully and knowingly refused to produce a Bond in criminal case number "CR, 97-6-A. 160485474," in violation of his fiduciary duties. See Petition at 1. Therefore, the petitioner requests that the Court produce the bond "for full settlement and closure of the Account." Id.

On January 23, 2008, the petitioner paid the required filing fee. Consequently, the undersigned conducted a preliminary review of the file on February 1, 2008, and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to file a response. The respondent did so on March 3, 2008 by filing a Motion to Dismiss and/or for Change of Venue. A Roseboro Notice issued the next day, and the petitioner filed his reply on March 31, 2008. Accordingly, this case is before the undersigned for a report and recommendation on the respondent's motion.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 provides the appropriate avenue to raise a challenge to the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Moreover, a § 2241 petition must be brought against the

petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) ("[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody").

In this case, the petitioner does not challenge the manner in which his sentence is being executed. Instead, the petitioner "requests this Honorable Court and the U.S. Attorney(s) office to produce the bonds for the purpose of discharging these securities and for full settlement and closure of account No: CR. 97-6-A." See Petition (dckt. 1) at 2. In addition, although the petitioner asserts that the respondent holds the records in question, it is clear that the Warden of the plaintiff's place of incarceration, would not hold any bond issued in the petitioner's underlying criminal proceedings held in federal court. Rather, any such documents would be held by the Court, the United States Attorney's Office, or the Probation office in the district in which the petitioner was convicted and sentenced.[1] Accordingly, the undersigned finds that the petitioner's claims are not properly raised under § 2241 and the petition is due to be dismissed.

Additionally, although the respondent seeks to alternately transfer this case to the district of conviction as a motion to vacate sentence under 28 U.S.C. § 2255, the undersigned is not convinced that such a transfer would be appropriate. The petitioner is not claiming that his conviction and sentence should be vacated, set aside or corrected, the very relief provided by § 2255, but rather, the return of "the Bond" issued in his criminal case. It is not clear, therefore, that § 2255 carries the appropriate relief either.

Accordingly, for the reasons set forth in this Opinion, the undersigned recommends that the

---

[1] The petitioner was convicted and sentenced in the Eastern District of Virginia.

respondent's Motion to Dismiss, and/or for Change of Venue (dckt. 12) be **GRANTED in part** and **DENIED in part**. More specifically, the undersigned recommends that the Court **GRANT** the respondent's request for dismissal because § 2241 relief is not available in this instance. However, the undersigned also recommends that the Court **DENY** the respondent's request for change of venue because it would not be appropriate to construe this case as a § 2255 motion.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr. United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 21, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE