IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DERRICK VINCENT REDD,

    Petitioner,

v.                                           Civil Action No. 5:07CV168
                                                            (STAMP)

JOE D. DRIVER,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTION
TO ORDER DENYING AS MOOT MOTION
TO AMEND SUBPOENA DUCES TECUM**

I. Background

On December 21, 2007, the pro se[1] petitioner, Derrick Vincent Redd, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. In this petition, the petitioner asserts that the respondent has willfully and knowingly refused to produce a bond in criminal case number "CR, 97-6-A. 160485474," in violation of his fiduciary duties. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to a show cause order dated February 1, 2008, the respondent filed a motion to dismiss, or in the alternative, a motion for a change of venue by construing the petition under 28 U.S.C. § 2255, to which the petitioner responded.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

In his report setting forth his recommended disposition, the magistrate judge recommends that the respondent's motion to dismiss, or alternatively, for change of venue, be granted as to the respondent's request for dismissal and denied as to the respondent's request for change of venue. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner filed timely objections on August 12, 2008. Also on that date, the petitioner filed a motion to amend his initial filing subpoena duces tecum. Thereafter, in light of the recent report and recommendation, the magistrate judge entered an order denying as moot the petitioner's motion to amend. The petitioner filed an objection to the magistrate judge's order.[2]

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety. Furthermore, this Court overrules the petitioner's objection and affirms the order of the magistrate judge denying as moot the petitioner's motion to amend subpoena duces tecum.

---

[2]This Court notes that on October 31, 2008, the petitioner also submitted a statement in affidavit form in this case. While the statement is filed, this Court will not consider it in reaching its decision in this memorandum opinion and order because the statement is both untimely, and it is not accompanied by any documents explaining its relevance to the current proceedings.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his § 2241 petition, the petitioner "requests this Honorable Court and the U.S. Attorney(s) office to produce the bonds for the purpose of discharging these securities and for full settlement and closure of account No. CR. 97-6-A."[3] (Pet. at 2 (Dec. 21, 2007).) The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed because the petitioner's claims are not properly raised under § 2241 by challenging the manner in which his sentence is being executed. Additionally, the magistrate judge found that a transfer of the case to the district of conviction as a motion to vacate sentence

---

[3]The petitioner was convicted in the Eastern District of Virginia and is currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia. This case number presumably refers to this underlying criminal action.

under 28 U.S.C. § 2255 was also inappropriate because the petitioner is not claiming that his conviction and sentence should be vacated, set aside, or corrected.

In his objections to the magistrate judge's report and recommendation, the petitioner argues that the magistrate judge's recommendation is premature, fails to decide the ultimate issue of whether a particular need for disclosure of the bond outweighs the interest of the courts, and misjudges the petitioner's verity.

The proper purpose of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is to challenge the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such petitions must be brought against the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court; therefore, the only proper respondent is the petitioner's custodian).

Here, the petitioner is seeking the production of a bond that presumably remains under his criminal case in the Eastern District of Virginia. Indeed, the relief that the petitioner requests does not relate to the manner in which his sentence is being executed. Further, if such a bond does exist, it would not be in the possession of the respondent or the petitioner's place of incarceration. Instead, the Court, the United States Attorney's Officer, or the Probation Office in the district in which the

petitioner was convicted and sentenced would hold any such bond. Therefore, this Court agrees with the magistrate judge's finding that a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is not the proper avenue for the petitioner to obtain his requested relief.

This Court also agrees that dismissal of this action, rather than a transfer to another venue, is appropriate. This Court notes that it is the respondent, and not the petitioner, who first moved in the alternative for a change of venue. Nevertheless, the petitioner raises this issue in his objections to the magistrate judge's report and recommendation, seeking a change of venue to the Eastern District Court of Virginia because that court would have "greater knowledge of the extent of the need" of the alleged bond. (Pet'r's Objections at 2 (Aug. 12, 2008).)

This Court considers the petitioner's objection on this issue but cannot sustain it for the important reason that the petitioner is not seeking the appropriate relief under 28 U.S.C. § 2255. Pursuant to § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In this case, the petitioner is seeking no such thing. Rather, the petitioner is only requesting the return of a bond in his underlying criminal case. Accordingly, this Court finds that the transfer of this case to the Eastern District Court of Virginia as a motion to vacate sentence under 28 U.S.C. § 2255 is

inappropriate, and the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

Moreover, this Court also overrules the petitioner's objection and affirms the order of the magistrate judge denying as moot the petitioner's motion to amend subpoena duces tecum. In his objection, the petitioner argues that the motion to amend should not be considered moot unless the violation has become completely and irrevocably eradicated, and there is no reasonable expectation that a violation will once again occur. In light of the magistrate judge's July 21, 2008 report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice, as well as this Court's current memorandum opinion and order affirming and adopting the magistrate judge's recommendations, the motion to amend is denied as moot, and the petitioner's objection on this issue is overruled.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss, or alternatively, for change of venue, is GRANTED IN PART and DENIED IN PART. Specifically, the respondent's motion is GRANTED to the extent that it seeks dismissal of the action, and it is DENIED to the extent that it seeks a change of venue. Furthermore, the petitioner's § 2241 petition is DENIED and DISMISSED WITH

PREJUDICE. Also, the petitioner's objection to the magistrate judge's order denying the petitioner's motion to amend subpoena duces tecum is OVERRULED, and the magistrate judge's order is AFFIRMED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 5, 2008

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE